[No. 14848. Department Two. February 13, 1919.]

*In the Matter of the Estate of* WILLIAM C. FINN. MARGARET FINN, *Respondent,* v. GEORGE L. FINN *et al., as Executors etc., Appellants.*[1]

EXECUTORS AND ADMINISTRATORS (134) — SALES — VACATION — GROUNDS. A widow interested in an estate, whose offer for a tractor sold by the executors was ten dollars less than the bid of the purchaser to whom sale was made, cannot object to the sale, either as a prospective purchaser or on account of her interest in the estate, where the sale was fairly conducted and as open to her as to the purchaser and brought more than the appraised value.

Appeal from an order of the superior court for Benton county, Truax, J., entered November 2, 1917, setting aside a sale made by executors under order of court, after a hearing before the court. Reversed.

*McGregor & Fristoe,* for appellants.

*Andrew Brown* and *Grady & Shumate,* for respondent.

PARKER, J.—This is an appeal from an order of the superior court for Benton county, setting aside a sale of a gasoline tractor engine, made by George L. and Frank J. Finn, as executors of the estate of William C. Finn, deceased, to William Buchholtz. The order setting aside the sale was made upon the hearing of the petition of Margaret Finn and the evidence introduced in support thereof. The recitals in the order indicate that it was by the court rested upon the conduct of the executors, resulting in Buchholtz obtaining an unfair advantage over Mrs. Finn, who desired to purchase the tractor, and also upon the knowledge of such conduct on the part of the executors by Buchholtz. No findings, however, are made in the order

[1]Reported in 178 Pac. 449.

or otherwise by the court, specifying in what particular the acts of the executors were improper or unfair.

Margaret Finn is the widow of the deceased and, as such, is interested in the administration of the estate. A stipulation, to which she was a party, was entered into by all parties concerned and filed in the case, whereby it was stipulated that the tractor, with other personal property belonging to the estate, should be sold, and that the court should enter an order therefor accordingly. No manner of conducting the sale was stipulated for, that being left to be provided for as the court might determine in its order of sale. Thereafter the court entered its order upon the stipulation as follows:

"It is now therefore hereby ordered that all of the personal property which is described in said petition, a list of which is hereto attached, marked exhibit 'a', be sold by the executors of said estate at private sale or in such manner as they, the executors, may deem to be the best for said estate, for the best price that can be procured for the same, . . ."

Soon thereafter the executors entered into a tentative agreement with Buchholtz for the sale of the tractor, the purchase price to be $250, which was the amount of its appraised value. They went with Buchholtz to Mrs. Finn's home to get the tractor, it being there, in order to allow Buchholtz to take it and try it to see that it would run properly, before consummating the sale. She then being informed that they were about to sell the tractor for $250, she objected to the proposed sale. After some controversy there with one of the executors, she offered $300 for the tractor. He then told her that, if she would put up that amount in money, they would consider her offer. She did not have the money there, but said that she would go to town and place the money in a bank, avail-

able to the executors. This put an end to the attempted sale to Buchholtz for $250. We shall assume that Mrs. Finn soon thereafter, possibly the next day, went to town and placed the money in the bank as offered by her.

We think it plain from the evidence that this was not a consummation of any sale to her, since the executors had not accepted her offer, but only told her that they would consider her offer when she tendered the money or placed it in the bank. Further consideration of the matter induced the executors to conclude that they might get more for the tractor than $300, so they decided to ask for sealed bids from Mrs. Finn, Buchholtz, and at least one other prospective purchaser. Mrs. Finn, Buchholtz, and the other prospective purchaser were invited to make their sealed bids accordingly, and were given a short time to do so. No one but Buchholtz made any bid in response to this invitation, but he did so bid, offering $310, and accompanied his bid with cash in that sum. Thereupon his bid was accepted, and a bill of sale for the tractor was executed and delivered to him by the executors, thus vesting good title to the tractor in him, unless such sale was void or voidable because of misconduct on his or the executors' part in fraud of the rights of Mrs. Finn as one interested in the estate as the widow of the deceased, or as one who had offered to purchase the tractor for $300.

After a careful reading of all of the evidence produced upon the hearing, which is here in the form of a statement of facts, we are quite unable to discover any unfair actions on the part of the executors or Buchholtz. Mrs. Finn, we think, acquired no rights whatever by virtue of her $300 offer, and she had the same opportunity to bid, when the final sealed bids

were asked for, as any one else, but she did not do so, and she manifestly, therefore, cannot now complain as a rival prospective purchaser. Looking to the record as a whole, it seems that her complaint is based more upon her loss of the opportunity to purchase the tractor than upon any impairment of her rights as one interested in the estate as the widow of the deceased. Indeed, when we look to the recitals of the court in its order setting aside the sale, that order seems to be rested largely upon this same theory. We are quite clear, however, that there was no ground whatever for the setting aside of the sale, whether we view Mrs. Finn as a prospective purchaser or as one interested in the estate. The sale was manifestly fairly conducted, was not in violation of the order of sale in any respect, and was for the amount of $60 in excess of the appraised value of the tractor. Our decision in *Sharp v. Greene*, 22 Wash. 677, 62 Pac. 147, lends support to our conclusion here reached.

The order setting aside the sale is reversed.

MAIN, HOLCOMB, MOUNT, and FULLERTON, JJ., concur.